01/12/2021

Robert E. Whiteside
Fed. Reg No. 59278-056
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

U.S. District Court
P.O. Box 2797
Camden, NJ 08101

RECEIVED
JAN 25 2021
AT 8:30
WILLIAM T. WALSH
CLERK

Dear Clerk of Court,

Please find enclosed Petition for Writ of Mandamus, for Case No. 1:20-CV-05544-NLH as always, thank you for your assistance, & Happy New Year.

Submitted with the utmost Respect
to the Honorable Court,

Robert E. Whiteside

Inmate Robert E. Whiteside

Appeal No. _____

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT.

---

In re Robert Edward Whiteside

---

Emergency Hardship Relief

PETITION FOR WRIT OF MANDAMUS

to the United States District Court

for the Camden District of New Jersey

(Related to DNJ Civil No.: 1:20-cv-005544-NLH)

---

Submitted Under Rule 21, Fed. R. App. P.

---

I ask this Honorable Court to construe liberally my petition in light of the fact that I am a pro se litigant, pursuant to:
Haines v. Kerner, 404 US 519 (Jan. 13, 1972),
("defendant's pleadings construed liberally than others presented by lawyers...")

Pro Se Litigant Contact Info.:

Robert Edward Whiteside

Fed. Reg. No. 59278-056

Fort Dix Federal Prison

Joint Base Mdl, NJ 08640

1-609-723-1200

Unit Team for hoiusing unit 5741

## ISSUE PRESENTED

Originally, on 5/5/2020 I filed a petition for Writ of Habeas Corpus/Covid-19/Compassionate release in light of the high risk danger of possible irreparable harm/death due to my compound, co-joining vulnerable medical conditions:

1. Crohns immuno-deficiency disease (BOP Medical Designation G47.33)

2. With further increase of immuno-deficiency pursuant to the application of medically required immuno-suppressive medication.

3. Obstructive Degenerative Sleep Apena (BOP medical designation K5090) pursuant to a constricted esophagus

4. A pre-dispositionary history of persistently, reoccurring, and subsistent lung infections.

5. Body Mass Index (BMI) of 27. *New CDC guidelines now list BMI of 25-30 as being at a heightened risk of severe illness if infected by COVID-19. ***All of my medical conditions are substantiated by BOP medical records.***

Additionally I have provided the Court with:

1. Satisfactory Exhaustion of Administrative Remedies.

2. Provided extraordinary and compelling reasons warranting compassionate release.

3. Providing supporting documents in full consideration of the § 3553(a) factors that warrant compassionate release:

(a.) Recidivism Score of +2

(b.) BOP Computation data sheet showing (18) months remaining "in custody" before release to (6) month half-way house. (75.5% of statutory term served)

(c.) Rehabilitative/Restorative Justice

(d.) Individual Re-entry Plan (IRP)

(e). The Need of Sentence Reduction to Balance The Scales of Justice.

(f.) Progressively Degrading Chronic Medical Conditions

(g.) Chronological History of My Incarceratory Case

(h.) Major Evidential Mitigating Points of My Incarceratory Case

(i.) The Reality of The BOP's Gross Mismagement of Covid-19 Mitigation at Fort Dix Prison

(j.) Grievous COVID-19 Events of 12/16,17/2020 at Fort Dix Prison

(k.) Medical Report: "Who Gets The Sickest From COVID_19"

(l.) Medical Report: "The Lasting Damage of COVID-19"

(m.) Medical Report: "PTSD Link To Dementia"

(n.) Medical Report: "Pfizer's Research: Effectiveness of Vaccine on Immune Deficient Patients"

Due to the First Step Act of 2018 - as most district and appellate courts have been in concurrence: That not only does the court now have authority to find extra ordinary and compelling reasons other than those expressly identified in the commentary to USSG § 1B1.13, additionally, judges in the First, Sixth, and Seventh circuits concur that the old policy statement is no longer applicable to compassionate release requests filed by inmates pursuant to enactment of the First Step Act of 2018. In U.S. v. Jones, No. 20-3701, 2020 WL 6817488 (6th Cir. Nov. 20, 2020), The central holding of opinion was that the district courts are not required to look to USSG § 1B1.13 when evaluating compassionate release motions brought by
>inmates. That in fact the old policy was not "applicable". Thus distinct judges have "full discretion" to define "extra ordinary and compelling" without consulting the policy statement found at USSG § 1b1.13. The Seventh circuit issued a similar decision on compassionate release in U.S. V. Gunn the very same afternoon. (U.S.

v. Gunn, No.20-1959, 2020 WL 6812995 (7th Cir. Nov. 20, 2020)). The long-tenured and through Judge Easterbrook authored the Gunn decision. According to Judge Easterbrook, the Sentencing Commission has not yet issued an applicable policy statement to defendants request for compassionate release. As Judge Easterbrook states: "[A]ny decision is "consistent with" a non-existent policy statement".

The attorney defending Fort Dix Prison/Warden Ortiz did not object to any of my arguments for compassionate release. They only proposed that my motion should be dismissed on some technicalities. At that point, fearing my perfectly valid legal claim of merit would be dismissed for some minor technicality, I requested, on 8/3/2020, a pro bono attorney. The motion was set to be heard on 9/8/2020, yet that day came and went, and no decision to appoint council was rendered. I did not know what was going on, or what I should do next. I again wrote to the Court requesting the status of pro bono appointment. That was 10/15/2020. Then on 11/19/2020 pro bono council was granted, yet to this date no attorney has been assigned to my case. In the mean time I could die in prison waiting for a decision for compassionate release to be rendered, and that with only (18) months remaining before being released to (6) month half-way house.

So in brief summary, with all these aforementioned co-joining factors of mutually supporting merit, (7) months have passed in this emergency situation since I originally filed for emergency hardship/compassionate release, yet have not received a decision from the Honorable Court. Thus I am now in a much more perilous

situation than before, now that COVID-19 is again spreading exponentially at Fort Dix Prison.

I assert that this writ should issue because of the dangerous, high risk possibility of irreparable harm/death to my person due to COVID-19 contagion rapidly spreading inside Fort Dix low security prison, in light of my vulnerable predispositionary, narrowly drawn, case-specific, co-joining, compound medical conditions.

The action of the district Court in my specific case is the inaction in rendering a decision in this dangerous situation of confinement I am in, as confined at Fort Dix low security prison. If writ is not issued, I could very well be damaged/expire before a correction could be issued on appeal from a final judgement.

I assert that the totality of the merits of my claim overwhelmingly clear the bar for a favorable decision in granting compassionate release that I might there after isolate, alone in my own home and self protect myself.

Further this may well be a noval, and important question of law whose timely resolution will aid in disposition of future cases.

In conclusion, I have presented overwhelming evidence that satisfactorily supports the merits of my claim, and being a pro se litigant, if I committed some technical errors, I beg the pardon of the Court, and hope, given the dire situation I am in, said errors, if existant, would not prevent an Honorable Court from reaching the merits of my claim for emergency hardship relief/compassionate release.

With Covid-19 now raging at Fort Dix Prison, I again respectfully request that my request for compassionate release be

4 of 5

granted.

Submitted with the utmost Respect to the Honorable Court

*[signature: Robert Edward Whiteside]*

Robert Edward Whiteside

Federal Reg. No. 59278-056

***Typewriter malfunctions: indenting the second half of my motion during printing. I ask the Court if It would please pardon this unavoidable technical malfunction.

I ask this Honorable Court to construe liberally my petition in light of the fact that I am a pro se litigant, pursuant to: Haines v. Kerner, 404 US 519 (Jan. 13, 1972), ("defendant's pleadings construed liberally than others presented by lawyers...")

5 of 5

Robert L. Whiteside 59278-056
P.O. Box 2000
Joint Base MDL, NJ 08640
USA

TRENTON NJ 085
21 JAN 2021 PM 4 L

59278-056
U.S. District Court
ATTN: Clerk of Court
P.O. Box 2797
Camden, NJ 08101
USA

RECEIVED
JAN 25 2021
AT 8:30
WILLIAM T. WALSH
CLERK

08101-279797