12/22/2020

Case No.: 1:20-cv-05544-NLH

Robert Edward Whiteside

Fed. Reg. No.: 59278-056

FCI Fort Dix Prison

P. O. Box 2000

Joint Base MDL, NJ  08640



RECEIVED
JAN 2 5 2021
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

United States District Court

P. O. Box 2797

Camden, NJ  08101

Dear Clerk of Court:

　　Please find enclosed supplemental addendum No.: 15 consisting of (5) pages total.

With the utmost respect to the Honorable Court,

Happy New Year,

Very Truly Yours,

*(signature)*

Inmate Robert Edward Whiteside

# #15

# Supplemental Addendum

Date: 12/22/2020

New Evidence:

The Relevant Fact of COVID-19 Reinfections With Subsequent More Severe Outcomes

Total Pages: 5

Case # 1:20-cv-05544-NLH

12/22/2020

Supplemental Addendum No.: 15

Case No.: 1:20-cv-05544-NLH

New Evidence:

The Relevant Fact of COVID-19 Reinfections

With Subsequent More Severe Outcomes

Not only has it been overwhelmingly demonstrably established that BOP has grossly mismanaged the mitigation and containment of COVID-19 within its prisons, as is well demonstrated by many clear, glaring failures. The least of which is demonstrated by the well established, simple fact of negligently continuing to transfer inmates from BOP facility to BOP facility, all the while, not testing transferees before transfer, but only screening inmates for symptoms. Thus allowing many asymptomatic COVID-19 infected inmates to act as carriers of COVID-19, opening wide vectors of contagion transmission, thus infecting other BOP facilities, and possibly BOP workers, and the community at large. And this, even while the pandemic is still raging and BOP inmate infections are rising. And all of this in the face of multiple congressional officials pleading with BOP officials to freeze all transfers. All well documented, and well established facts.

Furthermore, despite any well written mitigation/containment policy BOP places forth, the reality is the BOP has grossly mismanaged COVID-19 inside its prison system and has failed to protect the safety and security of its inmates. In short, BOP COVID-19 mitigation/containment policy isn't worth the paper it is written on when in fact it substantially lacks efficacy of actuation, and thus clearly and simply does not match reality. And it does not matter how much effort BOP supposes to appear to actuate,

when in fact their wanton negligence is manifestly self evident for all to unbiasedly examine.

With these well documented, well established facts as a backdrop, I now submit new evidence in my case for compassionate release:

I submit the following evidence of the continual danger, and high risk of irreparable harm to my person as related to existing in the highly contagious, highly COVID-19 infected, close contact living conditions of confinement at Fort Dix Prison, with the co-factors of my compound, co-joining, coalescing vulnerable health conditions:

In Support Thereof I Provide The Following New Evidence:

There was a recent federal case in the district of Illinois (2020 U.S.dist LEXIS 10) wherein a defendant had contracted COVID-19, having tested positive for the corona virus on October 2, 2020.

I quote the Honorable Judge's opinion:,
"In this case defendant has contracted (2020 U.S. Dist. LEXIS 10) COVID-19, having tested positive for the corona virus on Oct. 2, 2020.
On Apr. 24, 2020 the World Health Organzation (WHO) issued a scientific brief saying that the public belief that a one-time infection leads to immunity remains unproven, and is unreliable as a basis for response to the pandemic. SEE: WHO, "Immunity Passports" in the context of COVID-19, https://www.who.int/news-room/commentaries/detail/immunity-passports-in-the-context-of-covid-19 (last accessed on Oct. 23, 2020).
Specifically, the WHO says that "[t]here is currently no evidence that people who have recovered from COVID-19, and have antibodies are protected from a second infection. Id. Given the dramatic increase in confirmed cases of COVID-19 at FCI Greenville from the time of the filing of Defendant's

2 of 5

when in fact their wanton negligence is manifestly self evident for all to unbiasedly examine.

With these well documented, well established facts as a backdrop, I now submit new evidence in my case for compassionate release:

I submit the following evidence of the continual danger, and high risk of irreparable harm to my person as related to existing in the highly contagious, highly COVID-19 infected, close contact living conditions of confinement at Fort Dix Prison, with the co-factors of my compound, co-joining, coalescing vulnerable health conditions:

In Support Thereof I Provide The Following New Evidence:

There was a recent federal case in the district of Illinois (2020 U.S.dist LEXIS 10) wherein a defendant had contracted COVID-19, having tested positive for the corona virus on October 2, 2020.

I quote the Honorable Judge's opinion:,
"In this case defendant has contracted (2020 U.S. Dist. LEXIS 10) COVID-19, having tested positive for the corona virus on Oct. 2, 2020.
On Apr. 24, 2020, the World Health Organzation (WHO) issued a scientific brief saying that the public belief that a one-time infection leads to immunity remains unproven, and is unreliable as a basis for response to the pandemic. SEE: WHO, "Immunity Passports" in the context of COVID-19, https://www.who.int/news-room/commentaries/detail/immunity-passports-in-the-context-of-covid-19 (last accessed on Oct. 23, 2020).
Specifically, the WHO says that "[t]here is currently no evidence that people who have recovered from COVID-19, and have antibodies are protected from a second infection. Id. Given the dramatic increase in confirmed cases of COVID-19 at FCI Greenville from the time of the filing of Defendant's

pro se motion to today, and based on the currently available scientific data, Defendant continues to be at risk of imminent harm based on his underlying medical conditions. The first confirmed case of COVID-19 reinfection has already occurred in the U.S., and in that case the affected individual suffered more severe results from the subsequent reinfection than he did from the original infection. SEE Mia Jankowicz, (2020 U.S. Dist. LEXIS 11) Buisness Insider; "A Navada man was reinfected with the corona virus - the first confirmed case in the U.S. and the second time was worse", available at https://www.businessinsider.com/nevada-man-first-confirmed-american-coronavirus-reinfection-2020-10

(last access Oct. 23, 2020)

For some like the Defendant, who has been diagnosed with (2) underlying medical conditions that increase the risks of COVID-19, the possibility of reinfection presents a very real, and immediate danger. (U.S. v. Hood, 2020 U.S. Dist. LEXIS 197504 (Oct.23, 2020)) Case No. 18-cr-30016.

It is important to note that at least two BOP inmates died of COVID-19 related complications after being deemed "recovered" and returned to general population. Inmate Adrian Solarzano was converted to recovered status on May 10, 2020, after being asymptomatic at FCI Terminal Island, and died (5) days later with chest pains. SEE https://www.bop.gov/resources/news/pdfs/20200527_press_release_trm.pdf . Inmate Barry Johnson tested asymptomatic positive on August 27, 2020, and after a period of isolation was returned to the general population and found deceased in his cell on Sept. 23, 2020. SEE https://www.bop.gov/resources/news/pdfs/220200926_press_release_johnaon.pdf Neither of those "recovered" inmates showed symptoms of the virus. One of those "recovered" inmates had no pre-existing health conditions at all.

Case No. 1:20-cv-05544-NLH

Your Honor, based on:

(A.) The fact of this new scientific finding as quoted by the World Health Organzation: "[t]here is currently no evidence that people who have recovered from COVID-19, and have antibodies are protected from a second infection." Thus inferring that a one-time infection does not lead to immunity from contracting a second, third, forth infection and etc..., and that; based on the evidential findings, with possibly more severe outcomes with each successive reinfection.

(B.) The fact of the first comfirmed case of COVID-19 reinfection has already been verified in the U.S.

(C.) The fact that; in that confirmed case, "the affected individual suffered more severe results from the subsequent reinfection than he did from the original infection."

(D.) The fact that multiple inmates with in BOP custody who originally tested positive for COVID-19, and who were subsequently deemed recovered by BOP medical officials, were at some moment there after subsequently again reinfected, testing postive again for COVID-19.

(E.) The fact that inmates who had recovered from COVID-19, subsequently later died in their prison cell.

(F.) The fact that the Honorable Judge compassionately released the "Defendant, who has been diagnosed with (2) underlying medical conditions that increase the risks of COVID-19, the possiblity of reinfection presents a very real, and immediate danger." The same very real, and immediate danger I continue to exist in with my own compound, co-joining, coalescing, vulnerable, BOP documented health conditions.

(G.) And based on the fact of the dramatic increase of COVID-19

infections at Fort Dix Prison from the time of my original filing until the present moment, where in the confinment conditions have become even more egregiously dangerous for someone such as my self with my previously established, chronic, vulnerable medical conditions.

Thus based on this new scientific evidence, recent judicial opinion, and the exponentially high number of infections of COVID-19 at Fort Dix Prion, I again respectfully request to be released from this dangerous, high risk close contact confinement, by what ever instrument the Honorable Court deems feasible based on the totality of my case-specific, narrowly-drawn situation, request being resultant in a protectatory isolation in my own home.

PO Box 454
Seaboard, NC 27876

RALEIGH NC 275
Research Triangle Region
20 JAN 2021 PM 3 L

United States District Court
ATTN: Clerk of Court
P.O. Box 2797
Camden, NJ 08101

ENV. #7

08101-279797

RECEIVED
JAN 25 2021
AT 8:30
WILLIAM T. WALSH
CLERK